IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:21-cv-02912

MEGAN R. BLACK,

    Plaintiff,

v.

BONDED BUSINESS SERVICES, LTD.,

    Defendant.

## COMPLAINT

**NOW COMES** MEGAN R. BLACK ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of BONDED BUSINESS SERVICES, LTD ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado,  Defendant is headquartered in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a "consumer," as the term is defined by 15 U.S.C §1692a(3), over 18 years of age, residing in Aurora, Colorado, which lies within the District of Colorado.

5. Defendant is a collection company that claims to, "have helped many businesses throughout Colorado significantly improve their cash flow an overall financial situation through our unique, friendly- but firm approach to collection services."[1] Defendant is incorporated in the State of Colorado and maintains its principal place of business at 4845 Pearl East Circle, Suite 101, Boulder, Colorado 80301.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. The instant action stems from Defendant's attempt to collect upon a debt Plaintiff owed in relation to school tuition she owed for her child ("subject debt").

8. Sometime in 2019, Plaintiff was contacted by Defendant and Defendant agreed to settle the subject debt in full for roughly $3,000.

9. Plaintiff made several settlement payments to Defendant and paid the full settlement amount she agreed upon to Defendant.

10. Sometime in 2021, Plaintiff received a call from Defendant attempting to collect upon the subject debt.

11. Plaintiff was taken aback by this collection call as she the subject debt was settled.

12. Plaintiff advised Defendant that the subject debt was settled in 2019.

---

[1] https://www.bbsltdcollects.com/

13. At first, Plaintiff was informed that the last payment she made on the subject debt had bounded.

14. Later on, she was informed that the payment she made in 2019 was to pay off the interest on the subject debt.

15. Plaintiff was confused by the conflicting information she was provided, so she requested that Defendant provide her a written validation notice of the subject debt.

16. After Plaintiff made this request, she continued to receive phone calls from Defendant to her cellular phone, (720) XXX-1570.

17. To date, Plaintiff has not received any written validation notice in relation to the subject debt.

18. Furious and embarrassed by Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, anxiety, embarrassment, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone and emotional pain and suffering from dealing with Defendant misleading and deceptive behavior.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

    a. **Violations of FDCPA §1692c(a)(1) and §1692(d)**

26. The FDCPA, pursuant to 15 U.S.C. § 1692(d), prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt."

27. Furthermore, §1692d(5) prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously called with the intent to annoy, abuse, harass any person at the called number."

28. Defendant violated § 1692c(a)(1), d, d(5) when it repeatedly called Plaintiff after being made aware that Plaintiff does not owe the subject debt and had requested that Defendant provide her with a written validation of the subject debt. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of the fact Plaintiff does not owe the subject debt and Defendant failed to provide any written debt validation notice was harassing and abusive.

29. Defendant violated § 1692(d) when it used harassing debt collection methods to collect upon the subject debt. This harassing conduct is highlighted by the fact that Defendant provided

conflicting information about the nature of the subject debt to Plaintiff. Plaintiff was simultaneously told that she allegedly owes the subject debt because the settlement payments she made in 2019 were to cover the interest of the subject debt while also being told that the last payment she made 2019 had bounced.

    b. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any deb . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when it used deceptive means to attempt to collect the subject debt. Defendant failed to provide Plaintiff with any written validation of the subject debt and continued to collect upon the subject debt which both Defendant and Plaintiff settled back in 2019 and Plaintiff had made all of the payments to Defendant in relation to the settlement.

33. Furthermore, Defendant violated §1692e, e(2), and e(10) when it provided conflicting information regarding the subject debt. When Plaintiff informed Defendant that she had settled the subject debt in full in 2019, Defendant gave her conflicting information. They told her that the last payment she had made on the settlement had bounced. Also, they told Plaintiff that the payment she made in 2019 was to cover the interest of the subject debt.

    c. **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly continued to call Plaintiff after learning that she settled the subject debt and requested the validation of the subject debt. Defendant. This means employed by Defendant only served to worry and confuse plaintiff,

36. Furthermore, Defendant violated §1692f when it unfairly and unconscionably provided Plaintiff with conflicting information in relation to the subject debt. Plaintiff was simultaneously told that she allegedly owes the subject debt because the settlement payments she made in 2019 were to cover the interest of the subject debt while also being told that the last payment she made 2019 had bounced..

**WHEREFORE**, Plaintiff, MEGAN R. BLACK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 29, 2021                Respectfully Submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148

7

(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com